45 F.3d 36
 GLENDORA, Plaintiff-Appellant,
v.
CABLEVISION SYSTEMS CORPORATION, Charles F. Dolan, William
J. Bell, Marc A. Lustgarten, Francis F. Randolph, Jr., John
Tatta, James A. Kofalt, Joseph Azznara, Thomas Garger and
William Quinn, Defendants-Appellees.
 No. 290, Docket 94-7289.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 20, 1994.
Decided Jan. 11, 1995.
 
 Glendora, pro se.
 Mark A. Fowler, New York City (Robert M. Callagy, Satterlee, Stephens, Burke & Burke, New York City, of counsel), for defendants-appellees.
 Robert T. Perry, Brooklyn, NY (Brian D. Graifman, New York City), for Media Access New York, amicus curiae.
 Before: VAN GRAAFEILAND, MINER and McLAUGHLIN, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Glendora Buell, who prefers to be known simply as "Glendora", appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, J.) dismissing her pro se complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Like many pro se complaints, Glendora's is verbose where verbosity is unnecessary and sparse where causal allegations are required. However, in view of the well-settled rule, particularly applicable in pro se civil rights actions, that a complaint should not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief,' " Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), we remand to the district court for further consideration.
 
 
 2
 Between September 25, 1993 and November 5, 1993, Glendora, who is somewhat of a television personality, broadcast a weekly half-hour program entitled "A Chat with Glendora" on Cablevision Systems Corporation's Channel 25 in Nassau County. On this program she read publicly available information she found in government records, including bankruptcy court transcripts, district attorney papers and probation officer reports. Apparently a major topic of Glendora's "Chat[s]" during this six-week period, however, was an attack on an individual with whom Glendora was having a financial and legal dispute. On November 12, 1993, the program was cancelled, allegedly because of its content, and on December 6, 1993, Glendora brought suit against Cablevision and its above-named employees. Asserting with no apparent basis that she was bringing a Rule 23 class action on behalf of herself and "all public access producers who reside within the United States," she alleged violations of her First and Fourteenth Amendment rights, twenty acts of negligence, and state claims for emotional and reputational injuries. She asked for her weekly program to be restored to its former time slot and for $31 million in damages.
 
 
 3
 The defendants did not answer the complaint. They suggested in a letter to the district court that the complaint be dismissed because it had not been properly served, and they accompanied this suggestion with a Rule 12(b)(6) motion to dismiss. The district court did not resolve the issue of service, stating that "if the service was perfect, the Court would still have to deny the relief." The district court then proceeded to dismiss the complaint with the following language:
 
 
 4
 If it's a legal issue, you're not entitled to a trial by jury. This is solely a matter of law. The Court is not questioning facts which you've been putting forward. The jury exists to decide disputed issues of fact. The Court is accepting as true your factual statements. The Court simply is resting its decision on the fact these persons are essentially private parties and they do not exercise state governmental power or federal governmental power and, therefore, they cannot be sued in the nature of a civil rights action for violating your rights. Private persons can and do violate the civil rights of others. And when they do so, that's only actionable in the state court.
 
 
 5
 For the reasons hereinafter assigned, we are unwilling to affirm this summary dismissal.
 
 
 6
 Cable television is regulated by both state and federal laws. See New York Executive Law, Article 28, Secs. 811-831, and the federal Cable Communications Policy Act of 1984, as amended and supplemented by the Cable Television Consumer Protection and Competition Act of 1992, codified principally in 47 U.S.C. Subchapter V-A of Chapter 5, Secs. 521, et seq. To the extent, if any, that the state and federal statutes differ, the federal statutes control. See Capital Cities Cable, Inc. v. Crisp, 467 U.S. 691, 698-700, 104 S.Ct. 2694, 2699-2701, 81 L.Ed.2d 580 (1984), and Cable Television Ass'n of New York, Inc. v. Finneran, 954 F.2d 91, 97-98 (2d Cir.1992). The New York Executive Law provides for the appointment of a commission with general oversight powers with respect to New York cable operations, see Secs. 814 and 815, and requires that cable systems be franchised by the municipalities in which they provide service, Sec. 819.[1] It also contains a broad proscription against censorship by the commission, the municipality and the cable company itself. See Sec. 829. Section 531 of 47 U.S.C. provides for the establishment of cable channels for "public, educational, or governmental use" and section 531(e) limits the cable operator's exercise of editorial control over these channels.
 
 
 7
 None of the above-mentioned laws is mentioned in the district court's decision. The reason for this, of course, is that none of them was referred to in Glendora's complaint. In her complaint, Glendora described Cablevision Systems Corporation simply as a New York corporation "engaged in the business of cable television services and cable television programming." Defendants asserted in their briefs below that Cablevision Systems is a privately-owned entity whose officers and employees do not act under color of state law. However, this partially factual assertion carries no weight in a Rule 12(b)(6) motion, which looks only to the allegations of the complaint liberally construed. Glendora described herself as a "public access" producer of cable TV shows, and for purposes of defendants' Rule 12(b)(6) motion, we may assume that she was acting in this capacity with respect to the broadcasts at issue herein. A cable corporation with a channel capacity designated for public, educational, or governmental use may be described with respect to such use as a "public, educational, or governmental access facility." 47 U.S.C. Sec. 522(13). If, in fact, Cablevision Systems operates a public, educational, or governmental access facility, it is not permitted to exercise any editorial control over this operation, except with regard to obscenity matters. See 47 U.S.C. Sec. 531(e). The question left unanswered in the district court's summary dismissal is whether section 531(e) is applicable herein and, if it is, by whom should its provisions be enforced; specifically, does a violation of section 531(e) give rise to a private federal cause of action.
 
 
 8
 A number of courts have debated the question whether a private federal cause of action can be implied from the provisions of the Cable Communications Policy Act and the Cable Television Consumer Protection and Competition Act, and their answers are not consistent. Compare Media General Cable of Fairfax, Inc. v. Sequoyah Condominium Council of Co-Owners, 991 F.2d 1169, 1171-72 (4th Cir.1993); Playboy Enterprises, Inc. v. Public Service Comm'n of Puerto Rico, 906 F.2d 25, 31-33 (1st Cir.), cert. denied, 498 U.S. 959, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990); Centel Cable Television Co. of Florida v. Admiral's Cove Assocs., 835 F.2d 1359 (11th Cir.1988); Missouri Knights of the Ku Klux Klan v. Kansas City, Missouri, 723 F.Supp. 1347, 1354 (W.D.Mo.1989) with Nashoba Communications L.P. No. 7 v. Town of Danvers, 893 F.2d 435, 439-40 (1st Cir.1990); Cable Investments, Inc. v. Woolley, 680 F.Supp. 174, 179-80 (M.D.Pa.1987), aff'd on other grounds, 867 F.2d 151, 154 (3d Cir.1989); In re Comcast Corp. Cable TV Rate Regulation, No. Civ.A. 93-6628, 1994 WL 622105, * 9 (E.D.Pa. Nov. 10, 1994).
 
 
 9
 In view of the meager allegations of other state involvement sufficient to support a section 1983 action in the instant case, wisdom dictates that we not attempt to weigh the merits of the judgment below by reference to the several cable television statutes whose applicability was not considered by the district court. Accordingly, we vacate the district court's judgment and remand the matter to that court for further proceedings, bearing in mind the provisions, where applicable, of the state and federal cable television statutes.
 
 
 10
 The judgment of the district court is vacated without costs and the matter is remanded to the district court for further proceedings in accordance with this opinion.
 
 
 
 [1]
 The record does not disclose whether Cablevision Systems is operating under a franchise, nor does it disclose the contents of the franchise, if one exists