101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Donald H. BROWN, John Markowicz, Paul Pushlar, Plaintiffs-Appellants,
v.
Francis COSTELLO, Town of Fenner, Michael Larkin, Lynn
Keator, and David Shephard, Defendants-Appellees.
 No. 95-9244.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANTS: On Submission.
 APPEARING FOR APPELLEES: Timothy J. Perry, Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY.
 N.D.N.Y.
 AFFIRMED.
 Present: CARDAMONE, ALTIMARI, PARKER, Circuit Judges.
 
 
 1
 Plaintiff-appellants Donald Brown, John Markowicz, and Paul Pushlar, pro se, appeal from a grant of summary judgment.
 
 
 2
 Brown operated an unlicensed junkyard on his property, consisting mostly of abandoned vehicles. Markowicz and Pushlar owned some of the contents of the junkyard, which they stored on Brown's property with his consent. In 1988, Brown was convicted in New York state court of unlicensed vehicle dismantling and junkyard operation. The Town of Fenner then served Brown with a summons and complaint, seeking to enjoin him from operating the junkyard. Brown did not respond to the complaint, resulting in a default judgment against Brown. Brown was ordered to stop operating the junkyard and to dispose of its contents within thirty days, or to obtain a permit. Brown neither appealed nor complied with the order. The Town moved to hold Brown in contempt. Brown filed what he termed an "answer under Protest" which the court characterized as an indication that Brown "refuses and will continue to refuse to submit himself to the jurisdiction and orders of this Court." Brown did not appear at his hearing. The state court held Brown in contempt, resulting in a six-month jail term. Brown was released from jail early when he signed an affidavit agreeing to comply with the injunction. Brown still did not obey the injunction.
 
 
 3
 After again missing a hearing, the court for a second time found Brown in contempt, reinstating his prison term and ordering the appointment of Michael Larkin as receiver of the junkyard, with instructions to take possession of the contents and sell them at fair and reasonable prices. Brown subsequently moved to clarify the terms of the receivership, alleging that Larkin had removed property beyond the scope of the order. The court ordered an inventory of the remaining junk. The parties could not agree on the inventory. Consequently, the court ordered Brown to shelter any items he wanted salvaged. Markowicz, but apparently not Brown, sheltered some vehicles.
 
 
 4
 Following the removal of the remaining items, the court settled Larkin's account without objection, providing that Brown would be paid $27,567.61 for the scrap value of his junk. Brown refused to accept the payment, so it was deposited with the court.
 
 
 5
 In February 1993, Brown, Markowicz, and Pushlar filed a complaint against the Town of Fenner and certain town officials, stating four claims. First, plaintiffs alleged that the seizure and disposition of their property constituted a seizure without just compensation in violation of the Fourth and Fifth Amendments of the U.S. Constitution and Article I, § 7(a) and § 12 of the N.Y. Constitution. Second, they claimed that Brown's indictment and conviction in 1988 was based on allegedly perjured testimony by David Shephard, the Town clerk, based on a statute that is void for vagueness, and in violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution as well as of Article II, § 6 of the N.Y. Constitution. Third, mirroring the first claim, they alleged that they were denied due process and did not receive just compensation when the items were sold for scrap. Fourth, they claimed that Brown was exposed to tobacco smoke while incarcerated for contempt constituting a denial of due process, cruel and unusual punishment, trespass and battery, and violating New York Public Health Law § 1399-n. Plaintiffs sought declaratory relief and damages under 42 U.S.C. § 1983 for their alleged treatment and wanted struck as unconstitutional a New York law requiring a license for junkyard operation.
 
 
 6
 In October 1995, the district court granted the defendants' motion for summary judgment, dismissing the complaint. We affirm for substantially the same reasons given by the district court.
 
 
 7
 We review an order of summary judgment de novo. Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir.1994). Pursuant to Federal Rule of Civil Procedure 56, we find no genuine issue of material fact.
 
 
 8
 Plaintiffs' first and third claims allege due process violations. No due process violations occurred because plaintiffs were afforded notice and an opportunity to be heard, yet repeatedly defaulted. See Boddie v. Connecticut, 401 U.S. 371, 378-79 (1971). Moreover, Brown's claims relating to the seizure and disposition of the debris on his property are barred by New York's doctrine of res judicata since they could have been raised in the state court proceedings and arise from the same underlying transaction. Schulz v. Williams, 44 F.3d 48, 53 (2d Cir.1994).
 
 
 9
 Larkin, as a court-appointed receiver, has absolute quasi-judicial immunity for carrying out a valid court order. Bradford Audio Corp. v. Pious, 392 F.2d 67, 72-73 (2d Cir.1968). Plaintiffs allege no wrongdoing on the part of defendant Lynn Keator, the Town Zoning Officer. Plaintiffs' allegations against Town Supervisor Frank Costello are conclusory.
 
 
 10
 Plaintiffs' second claim of improper indictment and conviction fails because they cannot show the conviction has been reversed, expunged by executive order or state tribunal, or called into question by a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364 (1994). Furthermore, plaintiffs cannot challenge in federal court the validity of a state conviction under § 1983. Id., at 2370. Finally, as the district court found, this claim, including the cause of action against town clerk Shephard, falls outside the applicable statute of limitations for actions brought under § 1983.
 
 
 11
 Plaintiffs' fourth claim fails because they do not show--as they must to state a § 1983 claim--that defendant state officials were personally involved in the allegedly unlawful conduct. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir.1989).
 
 
 12
 We reject as conclusory the plaintiffs' challenge to the New York law requiring junkyard licensing. The plaintiffs' remaining claims are similarly meritless.
 
 
 13
 Accordingly, the summary judgment order of the district court is affirmed.