Lawrence E. GREEN and Barbara
L. GREEN, Plaintiffs,

v.

KADILAC MORTGAGE BANKERS, LTD., f/k/a Kadilac Funding, Ltd., Mordechay Movtady, Jack Economou, Peggy Hatle, Philip Pagliaro, Columbia Equities, Ltd. and "John Does #1 to #25," Defendants.

No. 95 Civ. 5212 (WCC).

United States District Court,
S.D. New York.

July 31, 1996.

Lawrence E. Green, Barbara L. Green, Hopewell Junction, New York, pro se.

Fayer & Greenberger, Hempstead, New York (Russell A. Fayer, of counsel), for Defendants Kadilac Mortgage Bankers, Ltd. f/k/a Kadilac Funding, Ltd. and Mordechay Movtady.

Tompkins, Harakas, Elsasser & Tompkins, White Plains, New York (George N. Tompkins, Jr., of counsel), for Defendant Jack Economou.

Horne & Childs, White Plains, New York (Ronald C. Childs, of counsel), for Defendants Peggy Hatle, Philip Pagliaro and Columbia Equities, Ltd.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

Plaintiffs Lawrence E. Green and Barbara L. Green, acting *pro se,* have alleged that defendants violated 42 U.S.C. § 1983 by conspiring to deprive them of their property without due process of law. Defendants Kadilac Mortgage Bankers, Ltd. f/k/a/ Kadilac Funding, Ltd. ("Kadilac"), Mordechay Movtady and Jack Economou have moved, pursuant to Fed.R.Civ.P. 56(c), for summary judgment dismissing the complaint. Defendants Peggy Hatle, Philip Pagliaro, and Columbia Equities, Ltd. ("Columbia") have made a motion to dismiss the complaint under Fed. R.Civ.P. 12(b)(6). Each of the defendants has requested sanctions against plaintiffs, and defendant Economou has applied for a permanent injunction barring plaintiffs from filing any further claims against him arising from the alleged events. Plaintiffs have moved for default judgment against Kadilac and Movtady and have made a motion under Fed.R.Civ.P. 15 for leave to file amended and supplemental pleadings asserting claims against additional defendants. Plaintiffs also seek sanctions against each of the defendants.

For the reasons set forth below, defendants' motions under Rule 56(c) and Rule 12(b)(6) are granted, and plaintiffs' motions are denied. The motions for sanctions filed by defendants Kadilac, Movtady, Hatle, Pagliaro and Columbia are granted, while defen-

dant Economou's request for sanctions and application for a permanent injunction are denied.

## BACKGROUND

The following facts are drawn from the complaint in this case, affidavits submitted by several of the parties and the records of a number of prior lawsuits related to this action. The parties are essentially in agreement on the factual circumstances of this case, although they disagree sharply on the legal significance of those facts.

On June 27, 1985, the Greens purchased the premises at 18A Bundy Hill Road in Pawling, New York, for $60,000 and executed a purchase money mortgage for $48,000. Kadilac was the mortgagee. As a condition for entering into the mortgage agreement, Kadilac required the Greens to place $4,000 in escrow to ensure that the driveway, which encroached on the adjoining property, would be relocated. On that same day, Kadilac assigned the mortgage to the Federal Home Loan Mortgage Corporation ("FHLMC") and became the servicing agent for the mortgage. The assignment was recorded on August 1, 1985.

From August 1985 to May 1987, the Greens made mortgage payments to Kadilac. The Greens assert that during this period, they tried unsuccessfully to get Kadilac to use the funds in escrow to correct the driveway encroachment. The Greens ceased to make payments to Kadilac as of June 1, 1987, when they discovered that the FHLMC, rather than Kadilac, held their mortgage. They contend that in the absence of notice from the FHLMC of the assignment of the mortgage, they had no obligation to make payments.

On July 15, 1987, the Greens filed an action in this court (the "first federal action") captioned *Green v. Kessler,* No. 87 Civ. 5024. The Greens alleged that the defendants, who included Kadilac and its president Movtady, had conspired to defraud the Greens by, *inter alia,* failing to correct the driveway encroachment. On February 23, 1989, that

action was dismissed with prejudice for lack of subject matter jurisdiction. The Second Circuit affirmed on September 5, 1989, and denied rehearing on January 18, 1990.

Meanwhile, on October 12, 1987, the FHLMC instituted foreclosure proceedings (the "foreclosure action") in New York State Supreme Court, Dutchess County. A notice of pendency was filed on November 2, 1987. No further action was taken in that case for some time while the parties attempted to work out their differences. The notice of pendency apparently expired on November 2, 1990.[1] On or about March 22, 1991, the FHLMC filed a second foreclosure action in the same court. A notice of pendency was filed on April 2, 1991. On March 24, 1992, the court dismissed the second foreclosure action on the ground that an identical action was already pending. On June 10, 1992, Justice Hillery granted summary judgment in the foreclosure action in favor of the FHLMC. She subsequently granted reargument and on August 4, 1992, issued a .decision adhering to the original result. The Greens filed a notice of appeal from that decision.

Also on August 4, 1992, Justice Hillery entered an order appointing defendant Jack Economou as referee for the purpose of determining the amount of money that the Greens owed to the FHLMC. Economou completed his report on August 18, 1992. On October 16, 1992, the Appellate Division denied the Greens' application for a stay of the foreclosure proceedings pending appeal. On April 7, 1993, Justice Hillery approved Economou's report, entered a judgment of foreclosure and sale and appointed Economou as referee to conduct the sale. The sale was scheduled for July 7, 1993.

On June 16, 1993, the Greens filed an action in this court (the "second federal action") captioned *Green v. Federal Home Loan Mortgage Corp.,* No. 93 Civ. 4113. In that case, the Greens alleged that they had never received notice of the assignment of their mortgage to the FHLMC, that the FHLMC had failed to obtain correction of the driveway encroachment or to return to

---

1. N.Y.Civ.Prac.L. & R. § 6513 provides that a notice of pendency is effective for three years

from the date of filing unless extended by the court.

the Greens the funds held in escrow for that purpose, that the FHLMC had notice that the mortgage had been obtained by fraud but nevertheless failed to take any corrective action and that the FHLMC had improperly pursued foreclosure actions against the Greens. The Greens asserted that the FHLMC had violated their civil rights to the enjoyment of their property.

The Greens filed an application in the second federal action for a preliminary injunction to halt the foreclosure sale. Plaintiff argued that the judgment of foreclosure was invalid because: (1) the state court lacked jurisdiction over the foreclosure action brought by the FHLMC because such suits could only be brought in federal district court, (2) the FHLMC could not be represented by a private attorney in the foreclosure action and (3) the FHLMC did not have capacity to sue in New York state. On July 2, 1993, Judge Goettel denied the Greens' application. He concluded that the Greens' contentions that the state court lacked jurisdiction over the foreclosure action were meritless and that they were collaterally estopped from relitigating issues that had been decided in the foreclosure action. He also stated that plaintiffs' denial of due process claims were meritless because plaintiffs had been afforded ample process in the state court. Judge Goettel stayed proceedings in the second federal action pending the outcome of the Greens' state court appeal.

On July 7, 1993, the property was sold to Kadilac for $90,000, leaving a deficiency of $14,778.15. On that same day, Economou executed a deed to convey the property to Kadilac. Kadilac, represented by Economou, subsequently brought suit against plaintiffs in the Town Court of Pawling seeking a warrant of eviction. On October 19, 1993, the Town Justice granted summary judgment to Kadilac. On November 10, 1993, the Greens obtained a stay of eviction from Justice Beisner of the New York Supreme Court, Dutchess County.

The Greens also made a motion before Justice Hillery to vacate the judgment of foreclosure and sale. The Greens argued that the judgment of foreclosure and sale was invalid for the following reasons: (1) the

judgment of foreclosure and sale was entered on April 7, 1993, although the foreclosure action in which it was entered was terminated as a matter of law on November 2, 1990, upon expiration of the notice of pendency filed on November 2, 1987; (2) the attorney handling the foreclosure action was not actually representing the FHLMC but was instead the attorney for Kadilac, which was not a party to the foreclosure action; (3) the FHLMC could not be represented by a private attorney in the foreclosure action; (4) the Greens received no notice of the assignment of the mortgage to the FHLMC and therefore had no obligation to make payments after the mortgage was assigned; (5) the true identity of the entity holding their mortgage was concealed from them, impairing their ability to defend the foreclosure action; (6) they were given no notice of their default, of the commencement of a foreclosure action or of the sale of the property; (7) defendant Economou, the referee, did not file his report within the deadline established by law, mishandled his duties and should have allowed the $4,000 being held in escrow as a setoff against the amount that the Greens owed on the mortgage; and (8) there were issues of fact concerning fraud, collusion, conspiracy and misconduct, as evidenced by the sale of the property to Kadilac and by Economou's role as both referee and Kadilac's attorney.

On December 1, 1993, Justice Hillery denied the Greens' motion and vacated the stay of eviction. She also imposed sanctions on the Greens in the amount of $300 for engaging in frivolous behavior designed to delay the proceedings and to harass the FHLMC. On December 23, 1993, on the basis of Justice Hillery's decision, the Town Justice of Pawling denied the Greens' motion to vacate the warrant of eviction.

On January 28, 1994, Justice Hillery denied the Greens' motion for reargument of their motion to vacate the judgment of foreclosure and sale. The Greens appealed that decision. On May 31, 1994, the Appellate Division dismissed the Greens' appeal from Justice Hillery's decision dated August 4, 1992, and on May 8, 1995, the Appellate

Division dismissed the Greens' appeal from her decision dated January 28, 1994.

The FHLMC subsequently filed a motion to dismiss the second federal action, which had been stayed pending the outcome of the state court appeals. As those appeals had been resolved adversely to the Greens, Judge Goettel dismissed the second federal action on June 21, 1995.

On July 13, 1995, the Greens filed this action. The amended complaint, filed on November 9, 1995, asserts claims under 42 U.S.C. § 1983 against Kadilac, Movtady, and Economou. It also asserts claims under 42 U.S.C. § 1983 against Peggy Hatle and Philip Pagliaro, who purchased the property from Kadilac on July 14, 1994, and against Columbia, which entered into a purchase money mortgage with Hatle and Pagliaro on that date. The FHLMC is not a defendant in this action. Plaintiffs allege that defendants conspired to deprive them of their property, without due process of law, by instituting the foreclosure proceedings against them and by effecting the sale of the property to Kadilac and then to Hatle and Pagliaro. Plaintiffs seek an order setting aside the sales and granting possession of the property to plaintiffs, as well as compensatory and punitive damages.

## DISCUSSION

A number of motions are currently pending in this case. We will first address plaintiffs' motion for default judgment and then turn to defendants' summary judgment motions and motion to dismiss. Next, we will consider plaintiffs' motion for leave to amend and to supplement the complaint. Finally, we will address the parties' requests for sanctions and defendant Economou's request for a permanent injunction barring plaintiffs

from filing any further suits against him arising out of the foreclosure proceedings.

### A. Plaintiffs' Motion for Default Judgment

■ Plaintiffs have made a motion for default judgment against defendants Movtady and Kadilac. Plaintiffs assert that Kadilac and Movtady failed to answer the amended complaint, which was served on November 8, 1995, and filed on November 9, 1995. As the docket sheet maintained by the Clerk of this court reflects, however, defendants Kadilac and Movtady filed an answer on November 27, 1995. Plaintiffs acknowledge that they received a copy of defendants' answer, which was mailed to them on November 27, 1995. *See* Affidavit of Lawrence E. and Barbara L. Green, dated Jan. 2, 1996, at ¶ 4. The copy that plaintiffs received was apparently not signed by defendants' attorney, but the original pleading filed with the court is signed and satisfies the requirements of Fed. R.Civ.P. 11(a).[2] Therefore, because defendants Kadilac and Movtady have filed and served an answer to plaintiffs' amended complaint within the twenty-day period set by Fed.R.Civ.P. 12(a), we deny plaintiffs' motion for default judgment. *See* Fed.R.Civ.P. 55(a).

### B. Kadilac and Movtady's Motion for Summary Judgment

■ Summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Defendants Kadilac and Movtady have moved for summary judgment dismissing plaintiffs' claims against them on the ground that plaintiffs' claims are barred by collateral estoppel.[3]

---

**2.** Plaintiffs contend that defendants' answer does not satisfy the requirements of N.Y.Civ.Prac.L. & R. § 3020. Plaintiffs, who are acting *pro se*, are clearly unaware that the Federal Rules of Civil Procedure, and not the New York civil practice rules, govern matters of procedure in the federal courts.

**3.** Defendants Kadilac and Movtady also argue that plaintiffs' claims are barred by the doctrine of *res judicata* (claim preclusion). That doctrine precludes later litigation only if, *inter alia*, the

earlier litigation resulted in a final judgment on the merits and both actions involved the same parties or their privies. *See In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir.1985); *Green v. Santa Fe Indus., Inc.*, 70 N.Y.2d 244, 519 N.Y.S.2d 793, 796–97, 514 N.E.2d 105, 107–09 (1987).

Kadilac and Movtady were parties to only one of the actions described above—the first federal action filed by plaintiffs. That action was dismissed for lack of subject matter jurisdiction, which does not constitute a final judgment on the

■ Under appropriate circumstances, the doctrine of collateral estoppel (issue preclusion) prohibits a party from relitigating issues previously decided adversely to that party. The preclusive effect of a judgment entered by a federal court is governed by federal law, under which collateral estoppel applies only if:

(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*In re PCH Assocs.,* 949 F.2d 585, 593 (2d Cir.1991). The preclusive effect of a state court judgment is measured by reference to state law. *See Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). Under New York law, "[t]he doctrine of collateral estoppel, or issue preclusion, prevents relitigation of an issue which is identical to one necessarily decided in a prior action and which the parties were afforded a full and fair opportunity to contest in that prior action." *Polur v. Raffe,* 912 F.2d 52, 55 (2d Cir.1990) (citing *Halyalkar v. Bd. of Regents,* 72 N.Y.2d 261, 532 N.Y.S.2d 85, 87, 527 N.E.2d 1222, 1223–24 (1988)), *cert. denied,* 499 U.S. 937, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). The Supreme Court has long since removed any doubt that the doctrine of collateral estoppel applies to actions brought under § 1983. *See Allen,* 449 U.S. at 97–98, 104–05, 101 S.Ct. at 416–17, 419–21.

■ Plaintiffs have alleged that Kadilac and Movtady participated in a conspiracy to deprive plaintiffs of their property without due process of law. Plaintiffs have asserted that Kadilac and Movtady acted in furtherance of this conspiracy by (1) failing to secure the correction of the driveway encroach-ment or to return to plaintiffs the $4,000 held in escrow for that purpose, (2) assigning plaintiffs' mortgage to the FHLMC without notice to plaintiffs and subsequently wrongfully accepting mortgage payments that were not due to Kadilac, and (3) fraudulently concealing that Kadilac and Movtady, rather than the FHLMC, caused the commencement of the foreclosure action against plaintiffs.

It is apparent from the Greens' affidavit filed in support of their motion to vacate the judgement of foreclosure and sale and from Justice Hillery's opinion denying that motion that plaintiffs' allegations of a conspiracy to deprive them of their property have been fully and fairly litigated before Justice Hillery, necessarily determined and resolved adversely to plaintiffs. Furthermore, it is evident from the records of the foreclosure action and the second federal action that plaintiffs have previously litigated their assertions concerning each of the acts that Kadilac and Movtady allegedly committed in furtherance of the conspiracy. Each of these issues has been fully and fairly litigated, necessarily determined and resolved adversely to plaintiffs. Plaintiffs may not relitigate these issues by recasting their assertions as the basis for a § 1983 conspiracy claim.

■ Plaintiffs have asserted one set of allegations against Kadilac and Movtady that has not been previously litigated. Plaintiffs have alleged that Kadilac and Movtady acted in furtherance of the alleged conspiracy by purchasing plaintiffs' property on July 7, 1993, seeking a warrant of eviction and selling the property to defendants Hatle and Pagliaro on July 14, 1994, despite being aware that neither the foreclosure action nor the second federal action had been concluded.[4] Defendants' actions do not, however,

merits. *See* 1B James W. Moore, Moore's Federal Practice ¶ 0.409[1.–2], at III–129 (1993).

Defendants have not briefed the issue of whether Kadilac, the FHLMC's servicing agent on plaintiffs' mortgage, and Movtady, Kadilac's president, are entitled to the application of *res judicata* because they were in privity with the FHLMC, which was a party to the foreclosure action and to the second federal action. Therefore, we will not consider whether plaintiffs' claims against Kadilac and Movtady are barred by the doctrine of *res judicata*.

4. The Appellate Division did not decide the Greens' appeal from Justice Hillery's decision dated August 4, 1992, until May 31, 1994, and it did not decide their appeal from her decision dated January 28, 1994, until May 8, 1995. The second federal action was stayed pending the outcome of those appeals.

support a claim under § 1983 for violation of plaintiffs' due process rights. In 1992, plaintiffs sought a stay of foreclosure pending appeal from the Appellate Division. That petition was denied on October 16, 1992. Plaintiffs subsequently applied for a preliminary injunction in the second federal action to halt the sale of the property. That application was denied on July 2, 1993. Plaintiffs therefore made two separate attempts to obtain a stay, and those applications were considered and rejected by two separate courts. Plaintiffs were clearly afforded due process on the issue of whether the sale of the property should be delayed until after plaintiffs' appeal was completed. In the absence of any order or injunction staying the foreclosure proceedings, no legal impediment prevented Kadilac and Movtady from proceeding with the purchase of plaintiffs' property, the eviction of plaintiffs and the sale of the property to Hatle and Pagliaro. Defendants Kadilac and Movtady did not violate plaintiffs' due process rights by doing so.

Accordingly, defendants Kadilac and Movtady are entitled to summary judgment dismissing plaintiffs' claims against them.

## C. Economou's Motion for Summary Judgment

Defendant Economou has moved for summary judgment dismissing plaintiffs' claims against him on the grounds that plaintiffs' claims are barred by collateral estoppel and that he has absolute immunity from liability arising out of his activities as a judicially appointed referee.

Plaintiffs have alleged that Economou conspired with Kadilac and Movtady to deprive them of their property without due process of law. Plaintiffs have asserted that Economou, acting in his capacity as referee, committed acts in furtherance of the conspiracy by (1) conducting the sale of the property although the judgment of foreclosure and sale was entered after the foreclosure action terminated, (2) acting both as the referee conducting the sale and as attorney for Kadilac, the purchaser, (3) failing to give plaintiffs notice of the referee's proceeding to determine the amount that plaintiffs owed to the FHLMC, (4) failing to file the referee's re-port within the statutory deadline and (5) conducting a fraudulent sale of the property to Kadilac.

■ It is apparent from the Greens' affidavit filed in support of their motion to vacate the judgment of foreclosure and sale and from Justice Hillery's opinion denying that motion that plaintiffs' allegations of a conspiracy to deprive them of their property have been fully and fairly litigated before Justice Hillery, necessarily determined and resolved adversely to plaintiffs. Furthermore, those same documents demonstrate that plaintiffs have previously litigated their assertions concerning each of the acts that Economou allegedly committed in furtherance of the conspiracy. Each of those issues has been fully and fairly litigated, necessarily determined and resolved adversely to plaintiffs. Plaintiffs may not relitigate these issues by asserting the same allegations as the basis for a § 1983 conspiracy claim.

■ In addition, plaintiffs' claims against Economou arising out of actions that he took in his capacity as a court-appointed referee must be dismissed because he is absolutely immune from liability. Nonjudicial officials are encompassed in the absolute immunity accorded to judges "when their official duties have an integral relationship with the judicial process." *Brown v. Costello*, 905 F.Supp. 65, 75 (N.D.N.Y.1995) (internal quotation omitted), *aff'd*, —— F.3d ——, 1996 WL 280093 (2d Cir. May 23, 1996); *see also Sassower v. Mangano*, 927 F.Supp. 113, 120 (S.D.N.Y.1996). Absolute immunity will attach to such individuals unless they perform acts that are clearly outside the scope of their authority. *See Brown*, 905 F.Supp. at 75. Allegations of bad faith and conspiracy "will not defeat the protection of derivative immunity for action taken pursuant to court orders." *Id.* (internal quotation omitted). It is apparent that Economou's duties as a referee, undertaken pursuant to court orders charging him with determining how much the Greens owed to the FHLMC and with conducting the foreclosure sale, were "sufficiently related to the judicial process to entitle [him] to quasi-judicial absolute immunity [for his] official acts." *Weiss v. Feigenbaum*, 558

F.Supp. 265, 272–73 (E.D.N.Y.1982) (internal quotation omitted).

Plaintiffs have raised one new set of allegations against Economou that has not been previously litigated and to which his defense of absolute quasi-judicial immunity does not apply. Plaintiffs have asserted that Economou acted to further the alleged conspiracy by wrongfully petitioning, in his capacity as attorney for Kadilac, for plaintiffs' eviction from the property, despite being aware that neither the foreclosure action nor the second federal action had been concluded. For the same reasons that we discussed above in connection with the similar allegations against Kadilac and Movtady, these actions do not support a claim under § 1983 for violation of plaintiffs' due process rights.

Therefore, defendant Economou is entitled to summary judgment dismissing plaintiffs' claims against him.

### D. Hatle, Pagliaro and Columbia's Motion to Dismiss

 Defendants Hatle, Pagliaro and Columbia have made a motion, pursuant to Rule 12(b)(6), to dismiss plaintiffs' claims against them. In order to prevail on a motion to dismiss for failure to state a claim, the moving party must demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Anderson v. Coughlin*, 700 F.2d 37, 40 (2d Cir.1983). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must exercise particular care in evaluating a motion to dismiss a civil rights complaint filed by a *pro se* plaintiff in order to ensure that potentially meritorious claims are not dismissed as a result of inartful pleading. *See Glendora v. Cablevision Systems Corp.*, 45 F.3d 36, 37 (2d Cir.1995).

Plaintiffs have alleged that at some time prior to July 14, 1994, Hatle, Pagliaro and Columbia joined the conspiracy to deprive plaintiffs of their property without due process of law. Plaintiffs have asserted that Hatle and Pagliaro acted in furtherance of the conspiracy by purchasing the property from Kadilac on July 14, 1994, despite being aware that neither the foreclosure action nor the second federal action had been concluded. Plaintiffs have also asserted that defendant Columbia acted in furtherance of the conspiracy by entering into a purchase money mortgage with Hatle and Pagliaro on July 14, 1994, despite Columbia's knowledge that the foreclosure action and the second federal action had not been concluded.

 The claims that plaintiffs assert against Hatle, Pagliaro and Columbia must be dismissed. First, "it is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." *Polur*, 912 F.2d at 56. Plaintiffs' allegations of a conspiracy between Hatle, Pagliaro and Columbia and the other defendants are, however, wholly conclusory and do not provide any factual basis whatsoever from which we could reasonably infer that Hatle, Pagliaro and Columbia participated in a conspiracy to deprive plaintiffs of their property. Second, the factual allegations that plaintiff have made concerning the actions taken by Hatle, Pagliaro and Columbia do not support a § 1983 claim against those defendants. As we explained above, Kadilac did not violate plaintiffs' due process rights by selling the property to Hatle and Pagliaro on July 14, 1994. Consequently, Hatle and Pagliaro did not violate plaintiffs' due process rights by buying the property, and Columbia did not violate their due process rights by entering into a purchase money mortgage with Hatle and Pagliaro.

Accordingly, plaintiffs' claims against defendants Hatle, Pagliaro and Columbia are dismissed for failure to state a claim upon which relief may be granted.

### E. Plaintiffs' Motion for Leave to Amend the Complaint

Plaintiffs have made a motion seeking leave to amend their complaint to assert claims against Michael Z. Rindenow, Russell A. Fayer and the law firm of Fayer & Greenberger. Plaintiffs have also moved, pursuant

to Fed.R.Civ.P. 15(d), for leave to file a supplemental complaint setting forth events that have occurred since the filing of the amended complaint.

 Rindenow was the FHLMC's attorney in the foreclosure action until November 2, 1992. Fayer and Fayer & Greenberger were engaged as of counsel to Rindenow on September 9, 1992, substituted as attorney of record in the foreclosure action on November 2, 1992, represented the FHLMC in the second federal action and currently represent Kadilac and Movtady in this case. Plaintiffs contend that Rindenow, Fayer and Fayer & Greenberger conspired with the defendants in this case to deprive them of their property without due process of law.

Plaintiffs' motion for leave to amend the complaint to assert claims against Rindenow, Fayer and Fayer & Greenberger must be denied. Although leave to amend a pleading shall be freely given when justice so requires, the court need not grant leave to amend when permitting amendment would be futile. *See* Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). It is evident from our review of plaintiffs' proposed pleading that permitting plaintiffs to amend their complaint would be futile. Plaintiffs seek to allege that Rindenow participated in the conspiracy by pursuing the foreclosure action although he knew that: (1) he was concealing from the Greens the fact that Kadilac, rather than the FHLMC, was actually the plaintiff in that action, (2) the Greens had not received notice of default and (3) the foreclosure action had been terminated by operation of law on November 2, 1990. Plaintiffs also seek to allege that Fayer and Fayer & Greenberger participated in the conspiracy by continuing to pursue the foreclosure action, resulting in a judgment of foreclosure against plaintiffs and the sale of the property, despite Fayer's knowledge that the foreclosure action had been terminated.

In their motion to vacate the judgment of foreclosure and sale, plaintiffs made the same assertions. Justice Hillery necessarily decided these issues adversely to plaintiffs in reaching her decision to deny plaintiffs' motion. Plaintiffs had a full and fair opportunity to litigate these issues and are therefore collaterally estopped from relitigating them in this case.

Plaintiffs also seek to allege that Fayer subsequently filed affidavits in the state court appeals and in the second federal action that were misleading because they did not disclose that the foreclosure action was terminated prior to the entry of the judgment of foreclosure and sale. While these allegations have not previously been litigated, they would not support a claim under § 1983. Justice Hillery rejected the Greens' argument that the foreclosure action terminated on November 2, 1990, when she decided the Greens' motion to vacate the judgment of foreclosure and sale. Therefore, Fayer did not mislead the courts, in violation of plaintiffs' due process rights, by failing to disclose that the foreclosure action terminated on that date. Hence, permitting plaintiffs to amend their complaint to assert these proposed claims would be futile.

Furthermore, plaintiffs' motion to file a supplemental complaint must be denied. Under Rule 15(d), the court may, in its discretion and on such terms as are just, permit plaintiffs to file a supplemental pleading setting forth events that occurred after the filing of the pleading sought to be supplemented. The bulk of the allegations contained in plaintiffs' proposed pleading relate to events that occurred before plaintiffs filed their amended complaint on November 9, 1995. Plaintiffs seek to make only two allegations concerning events that occurred after that date: they assert that (1) on December 11, 1995, and March 13, 1996, Fayer filed affidavits in this court that did not inform the court that the foreclosure action had terminated prior to the entry of the judgment of foreclosure and (2) despite Fayer's knowledge of, and participation in, the conspiracy to deprive plaintiffs of their property, he argued to this court that *res judicata* and collateral estoppel barred plaintiffs' claims. In light of Justice Hillery's rejection of plaintiffs' argument concerning the purported termination of the foreclosure action and our conclusion that plaintiffs' claims against Fayer's clients are, for the most part, barred by collateral estoppel, these proposed claims are

patently frivolous. We need not permit plaintiffs to supplement their pleading in order to set forth allegations that could not, by any stretch of the imagination, be construed to state a claim against Fayer or Fayer & Greenberger.

### F. Sanctions and Injunctive Relief

Finally, we turn to the parties' requests for sanctions and injunctive relief. All of the parties have requested sanctions under Fed. R.Civ.P. 11. Defendant Economou seeks the entry of a permanent injunction prohibiting plaintiffs from bringing any further claims against him arising out of the foreclosure proceedings.

■ The record in this case amply demonstrates that plaintiffs are intent on litigating the same issues over and over again in the hopes of obtaining a more favorable result. Plaintiffs have pursued this course of action despite Justice Hillery's imposition of $300 in sanctions against them on December 1, 1993, and Judge Goettel's order dismissing the second federal action, which stated that plaintiffs' complaint in that case was totally frivolous and that plaintiffs were collaterally estopped from relitigating issues relating to the foreclosure in federal court. Plaintiffs filed this action less than four weeks after Judge Goettel issued his decision on June 21, 1995. Plaintiffs show no inclination to cease their attempts to pursue the claims that they assert here.

We therefore conclude that sanctions are appropriate to deter plaintiffs from continuing to reassert claims arising out of the foreclosure. We direct plaintiffs to pay the sum of $1000 to be divided among the defendants as follows: $600 to defendants Kadilac and Movtady and $400 to defendants Hatle, Pagliaro and Columbia.[5] Plaintiffs will make these payments within thirty days, unless plaintiffs reach an agreement with a particular defendant or defendants to extend the time for payment.

■ Although plaintiffs' conduct warrants the imposition of sanctions, we do not believe that it has yet reached a level of vexatiousness that would support the entry of a permanent injunction prohibiting plaintiffs from filing any further claims concerning the foreclosure proceedings against Economou or the other defendants. *Compare In re Martin–Trigona*, 737 F.2d 1254 (2d Cir. 1984); *Polur v. Raffe*, 912 F.2d 52 (2d Cir. 1990); *Raffe v. Doe*, 619 F.Supp. 891 (S.D.N.Y.1985). "[B]arring a litigant from the courthouse is a serious matter, for access to the Courts is one of the cherished freedoms of our system of government." *Raffe*, 619 F.Supp. at 898 (internal quotation omitted). Plaintiffs are acting *pro se*, and we are reluctant to impose so harsh a penalty when monetary sanctions may yet dissuade plaintiffs from their present course of action. Therefore, we deny defendant Economou's request for a permanent injunction, and we once more give plaintiffs the opportunity voluntarily to cease their fruitless efforts to relitigate issues concerning the foreclosure proceedings.

For reasons that are obvious from our discussion above, the imposition of sanctions against each defendant would be wholly unwarranted. Therefore, plaintiffs' motions for sanctions are denied.

### CONCLUSION

For the foregoing reasons, we grant the summary judgment motions of defendants Kadilac, Movtady and Economou and the motion to dismiss of defendants Hatle, Pagliaro and Columbia. Plaintiffs' motions for leave to file amended and supplemental pleadings are denied.

---

5. Although defendant Economou argued in his memorandum of law that he was also entitled to sanctions against plaintiffs, he did not include a separate statement in his notice of motion to indicate that he was moving for sanctions under Rule 11. Therefore, defendant Economou has not satisfied the requirements of Rule 11(c)(1)(A) for seeking sanctions by motion.

Because this is the first time that plaintiffs have sued Economou, we will not award sanctions on our own initiative under Rule 11(c)(1)(B). Plaintiffs have now been apprised, however, that Economou is absolutely immune from liability for actions that he took in his capacity as referee and that their claims against Economou are either meritless or barred by collateral estoppel. Further litigation against Economou would certainly subject plaintiffs to the risk of sanctions.

Plaintiffs' motions for sanctions are denied. Defendant Economou's request for sanctions and application for a permanent injunction are denied. Defendants Kadilac and Movtady are awarded a total of $600 in sanctions, and defendants Hatle, Pagliaro and Columbia are awarded a total of $400 in sanctions. Plaintiffs must pay these amounts within thirty days of the date of this order, unless plaintiffs reach an agreement with a particular defendant or defendants to extend the time for payment.

SO ORDERED.