**Robert–Garvin MOORE, Plaintiff,**

v.

**UNITED STATES et al., Defendant.**

**No. C99–3211 MEJ.**

United States District Court,
N.D. California.

June 29, 2000.

Robert-Garvin Moore, Carmel, CA, for Robert-Garvin Moore, plaintiff.

Alison E. Daw, U.S. Attorney's Office, San Jose, CA, for USA, defendant.

Christie Mersten, Victoria WU, CA Attorney General's Office, Oakland, CA, for State of California, Staudennrayer, Bookbinder, defendants.

J. Michael Hogan, Monterey County, Office of the County Counsel, Salinas, CA, for County of Monterey, Katherine McCormick, Norman Hicks, T. Nolan Tracy, Dan Lawson Tyler, Antonio S. Ramirez, Joe Albert Huerta, Carmen Jimenez, Raymond R. Carrillo, Kathleen Dennis Moore, Janet D. McCurdy, Irene J. Scholl, Niel A. Velosing, Cheryl A. Peebles, Louise D. Parrott, County of Monterey, Marla Anderson, Albert Maldonado,

Richard Rutledge, Dean Flippo, Gary Meyers, Sue Stryker, Earl B. Collison, defendants.

Christine Mersten, CA Attorney General's Office, Oakland, CA, for Sally Reed, Flaherty, defendants.

ORDER GRANTING DEFENDANTS STATE OF CALIFORNIA MOTION TO DISMISS WITH PREJUDICE; ORDER GRANTING DEFENDANTS MONTEREY COUNTY MOTION TO DISMISS WITH PREJUDICE; ORDER DENYING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT AND STRIKING COMPLAINT FROM THE RECORD; ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL PLEADINGS FROM THE RECORD.

JAMES, Unites States Magistrate Judge.

Before the Court are the Motions to Dismiss filed on February 14, 2000 by Defendants State of California, Richard Bookbinder and Donald E. Staudenmayer and filed on March 1, 2000 by Defendants County of Monterey, Albert Maldonado, Richard Rutledge, Gary Meyer, Sue Stryker, Norman Hicks and T. Nolan Tracy. Having considered the parties' moving papers and the arguments contained therein, the oral arguments presented at the hearing held on April 13, 2000, the relevant statutory and case law authority, and Good Cause Appearing, the Court GRANTS the motions to dismiss filed by all Defendants and DISMISSES the case with prejudice in its entirety. Additionally, for the reasons set forth herein, the Court DENIES Plaintiff leave to file a third amended complaint and STRIKES Plaintiff's third amended complaint and supplemental pleadings.

## BACKGROUND

On July 1, 1999, Plaintiff filed the action herein against 30 named defendants: The United States of America, The State of California, The County of Monterey, Sally Reed, Marla Anderson, Albert Maldonado, Richard Rutledge, Dean Flippo, Gary Meyers, Sue Stryker, Katherine McCormick, Norman

Hicks, T. Nolan Tracy, Doe Flaherty, Doe Bookbinder, Doe Staudenmayer, Joe Driver, Frank Conte, Dan Lawson Tyler, Antonio Ramirez, Joe Albert Huerta, Carmen Jimenez, Raymond R. Carillo, Kathleen Dennis More, Janet D. McCurdy, Irene J. Scholl, Niel A. Velosing, Cheryl A. Peebles, Louise D. Parrott, and Earl B. Collison.

On October 5, 1999, the Court received the following documents from Plaintiff: (1) Statement of the Case Management, Notice of the First Amendment of the Complaint, Notice of the Consent of the Assignment; (2) Notice of the Adjoining; (3) First Amendment of the Complaint; (4) Summons (5) of a Civil Complaint; and (5) Affidavit of the Service of the Notice of the Adjoining, Complaint: Writ of the Error and First Amendment of the Complaint.

On November 4, 1999, pursuant to Federal Rule of Civil Procedure 41(b), the Court *sua sponte* denied Plaintiff leave to file the proposed first amended complaint and dismissed Plaintiff's initial complaint with leave to amend based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a), 8(e), 9(b). Plaintiff's initial complaint was unintelligible and verbose and the Court was unable, after considerable time and effort, to discern Plaintiff's factual or legal allegations in regard to the named Defendants, nor the basis for its subject matter jurisdiction. Hence, the Court ruled Plaintiff's initial complaint failed to provide the proper notice required by Rule 8(a) and 8(e) and Defendants could not be expected to prepare proper responsive pleadings and/or conduct discovery. The Court also ruled judicial economy and the interest of justice weighed in favor of granting Plaintiff an opportunity to cure the initial complaint's deficiencies. Finally, the Court ruled Plaintiff's proposed first amended complaint suffered from the exact same deficiencies as Plaintiff's initial complaint. Accordingly, the Court dismissed Plaintiff's initial complaint, denied Plaintiff leave to file the proposed first amended complaint and ordered Plaintiff to file by December 6, 1999, a first amended complaint curing the deficiencies in accordance with the Court's order.

On November 9, 1999, Plaintiff filed the first amended complaint.

On November 18, 1999, the Court again *sua sponte* dismissed Plaintiff's first amended complaint based on its failure to comply with Rule 8(a) and Rule 9(b). The Court ruled that Plaintiff's first amended complaint was indecipherable, vague and failed to set forth the specific events on which Plaintiff based the lawsuit. Plaintiff's first amended complaint also failed to set out the causes of actions it pled, and therefore, the Court was unable to discern or infer Plaintiff's legal allegations. Furthermore, Plaintiff's first amended complaint, entitled "Fraud–Notice," failed to state any facts contained therein setting forth the fraud claim or which allowed the Court to infer the fraud claim. Thus, it failed to plead with heightened particularity the fraud allegation as required by Rule 9(b). Overall, the Court could not discern Plaintiff's factual or legal allegations in regard to the named Defendants, nor the basis for its subject matter jurisdiction. Hence, the Court found that Plaintiff's first amended complaint continued to impose an unfair burden on Defendants who could not be reasonably expected to respond to Plaintiff's unintelligible pleadings in order to properly respond and conduct discovery. Accordingly, the Court held that Plaintiff's first amended complaint failed to comply with both Rule 8(a) and Rule 9(b), and that judicial economy and the interest of justice weighed in favor of granting Plaintiff leave to cure the deficiencies of the first amended complaint.

Again, pursuant to Federal Rules of Civil Procedure 8(a), 8(e) and 41(b), the Court *sua sponte* dismissed Plaintiff's first amended complaint and ordered Plaintiff to file and serve by December 13, 1999, an amended complaint *written in plain English and setting forth in short, concise statements the factual and legal allegations.* Additionally, Plaintiff was ordered to plead any allegations of fraud with heightened particularity, using nonconclusory allegations containing evidence of "unlawful intent," as opposed to "bare allegations of improper purpose." *See McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996). Specifically, Plaintiff was ordered to

set forth in plain English the exact event(s) on which he based his cause of action. Plaintiff was notified that in the event that he failed to file and serve the second amended complaint by December 13, 1999, the Court would dismiss the action herein with prejudice.

On December 9, 1999, Plaintiff filed a second amended complaint.

On February 10, 1999, the Court denied Plaintiff's motion for service of the December 9, 1999 amended complaint to be filed by the United States Marshals and ordered Plaintiff to serve all remaining defendants by April 10, 2000. Additionally, the Court extended the date by which all Defendants served by Plaintiff were to file a responsive pleadings based on Plaintiff's defective waivers of service filed on January 31, 2000.

On February 14, 2000, Defendants State of California, Richard Bookbinder and Donald E. Staudenmayer, hereinafter Defendants State of California, filed the Motion to Dismiss at bar.

On March 1, 2000, Defendants County of Monterey, Albert Maldonado, Richard Rutledge, Gary Meyer, Sue Stryker, Norman Hicks and T. Nolan Tracy, Defendants County of Monterey, filed the Motion to Dismiss at bar.

On March 20, 2000, Defendants State of California submitted an ex parte request for instruction from the Court regarding Plaintiff's instruction for Defendants' counsel to inform the Court of his position that he did not intend to file an opposition to Defendants' Motions to Dismiss. The Court ordered Defendants State of California to not file any statement on behalf of Plaintiff, including his eight page facsimile correspondence with the above request. Plaintiff was ordered to file opposition papers to the motions to dismiss at bar by March 30, 2000. Defendants State of California was ordered to file reply papers seven days thereafter.

On or before March 30, 2000, Plaintiff did not file any opposition papers to the motion to dismiss filed by the Defendants State of California, nor to the motion to dismiss filed by Defendants County of Monterey.

On April 13, 2000, the Court held oral argument on the motions to dismiss. Plaintiff appeared *pro se*, counsel appeared on behalf of Defendants State of California and Defendants County of Monterey. All parties and counsel of record submitted the matters to the Court. Additionally, at the oral argument Plaintiff handed to the Court an endorsed filed stamped copy of a supplemental pleading entitled "FOR THE DISCOVERY–DISCLOSURE–AFFIDAVIT of the Plaintiff is with the Corporation–Case–No: C–99–03211 (M.E.J.) with the adjoining: C99–3211 MEJ sic, C–99–03211–MEJ sic by the Registration–Act: Z 233 392 885," and "FOR THE DAMAGES–RECOVERY–COMPLAINT."
The caption of Plaintiff's supplemental pleading lists "Maria–Elena: James [Judge] and MARIA–ELENA JAMES sic [Person]." Given the apparent addition of Maria Elena James as a defendant in here official and personal capacity, the Court interprets Plaintiff's supplemental pleadings as proposed third amended complaint, pursuant to Federal Rule of Civil Procedure 15(b).

Additionally, on April 13, 2000, the Court received from Plaintiff via the United States Mail, additional supplemental pleadings entitled (1) "REPLEVIN–WRIT–COMPLAINT", and; (2) "SUMMONS OF THE CORPORATION–CASE."

On June 8, 2000, Plaintiff filed an additional supplemental pleading with the Clerk of the Court entitled "FOR THE CLAIM OF THE JUDGMENT OF THE DAMAGES WITH THE FAULT OF THE ANSWER BY THE VASSALEES IS WITH THE CORPORATION OF THE CASE: C–99–03211 (M.E.J.) BY THE ACT OF THE REGISTRATION Z 134 319 169 OF THE JUNE–1, 2000."

The Court now addresses the motions to dismiss filed by Defendants State of California and Defendants Monterey respectively, and whether leave should be granted to allow Plaintiff to file the proposed third amended complaint and the above supplemental pleadings.

## LEGAL STANDARD

■ "[A] district court may dismiss a complaint, under [Federal Rule of Civil Pro-

cedure] 41(b), based on a plaintiff's failure to file a short and plain complaint stating the court's basis for jurisdiction and the basis for relief as required by Federal Rule of Civil Procedure 8(a)." [1] *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). "The requirement of notice pleading does not require a claimant to set out *in detail* the facts upon which he bases his claim." *Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997) (citation omitted) (emphasis added). "Instead, 'all the Rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.* (citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* "The liberal pleading rules only require that the averments of the complaint sufficiently establish a basis for judgment against the defendants." *Id.* (citation omitted).

■ "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996) (citations omitted). "Before the district court can dismiss the complaint of a pro se litigant, the district court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). "The district court need only draft a few sentences explaining the deficiencies and should not have to act as an advocate for the pro se litigant." *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir.1987).

Rule 9(b) requires Plaintiff to plead the fraud allegations with heightened particularity. Fed.R.Civ.P. 9(b).

■ Finally, Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the claim(s) asserted in the complaint while construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980). Where the Plaintiff is a pro se litigant, the court is particularly liberal in construing the complaint in his favor. *Glendora v. Cablevision Systems, Corp.*, 45 F.3d 36, 37 (2nd Cir.1995). Still, a court may dismiss a pro se litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir.1992).

## LEGAL ANALYSIS

■ Plaintiff's second amended complaint, filed on December 9, 1999, is entitled "FOR THE COMPLAINT FOR THE DAMAGES–RECOVERY OF THE FALSE —ARREST AND FALSE IMPRISONMENT, OF THE FRAUD AND CONSPIRACY AND OF THE KNOWLEDGE AND NEGLECT BY THE U.S.A. CODES –42 TITLE–1986–SECTION–STATUTE". Plaintiff names the following eleven Defendants: The State of California, Richard Bookbinder, Donald E. Staudenmayer, The County of Monterey, Albert Maldonado, Richard Rutledge, Gary Meyers, Sue Stryker, Norman Hicks, T. Nolan Tracy, Frank Conte and John Does 1–100.

The Court has diligently and carefully reviewed Plaintiff's complaint. Nonetheless, despite its best efforts, the Court still finds Plaintiff's second amended complaint indecipherable and vague. Moreover, the Court is unable to discern any facts contained therein which set forth the fraud claim, or from which the Court may infer the fraud claim,

---

1. Federal Rule of Civil Procedure 8(a) requires a pleading:

 [which] sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, [contain] (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs none grounds of jurisdiction to support it (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Fed.R.Civ.P. 8(a).

and therefore, Plaintiff's first amended complaint fails to plead with heightened particularity the fraud allegation as required by Rule 9(b). Indeed, Plaintiff pleads a third cause of action for "Knowledge and Neglect" which the Court cannot discern as a federal cognizable legal claim, nor the subject matter jurisdiction of said claim. Given these deficiencies, the Court finds that Plaintiff's second amended complaint continues to impose an unfair burden on Defendants who cannot be expected to decode the jargon presented by Plaintiff's pleadings in order to properly respond and conduct discovery.

Again, Rule 8(a) obligates Plaintiff to provide a short and plain statement as to the allegations alleged and relief sought. Rule 9(b) requires Plaintiff to plead the fraud allegations with heightened particularity. Fed.R.Civ.P. 9(b). The Court finds that Plaintiff's second amended complaint fails to comply with both Rule 8(a) and Rule 9(b). More importantly, the Court has granted Plaintiff three opportunities to cure these deficiencies and set forth a short and plain statement of the claims alleged. Plaintiff has failed to do so, and thereby, has failed to obey the Court's orders of November 4, 1999 and November 18, 1999. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court DISMISSES Plaintiff's action WITH PREJUDICE. *See McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir.1996).

Additionally, the Court finds that in so much as Plaintiff has entitled his second amended complaint, "FOR THE COMPLAINT FOR THE DAMAGES–RECOVERY OF THE FALSE—ARREST AND FALSE IMPRISONMENT, OF THE FRAUD AND CONSPIRACY AND OF THE KNOWLEDGE AND NEGLECT BY THE U.S.A. CODES –42 TITLE–1986–SECTION–STATUTE", these causes of actions are barred by the statute of limitations. Based on the title caption of Plaintiff's first amended complaint, Plaintiff pleads a federal action based on 42 U.S.C. § 1986. The applicable limitations period for Plaintiff's claims under a § 1986 action is one year. *McDou-*

gal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991); 42 U.S.C. § 1986; *Donoghue v. County of Orange,* ·848 F.2d 926, 929–30 (9th Cir.1987). The limitations period for Plaintiff's claims start to run when he learned or should have learned of the facts giving rise to his federal causes of actions. *See Norco Constr., Inc. v. King.County,* 801 F.2d 1143, 1145 (9th Cir.1986).

While the Court cannot comprehend Plaintiff's factual allegations, Plaintiff's first cause of action lists the following dates in regard to the alleged eight counts of false arrest and imprisonment: August 12, 1997; October 28, 1997, December 2, 1997, February 12, 1998, February 25, 1998, March 5, 1998; March 20, 1998; April 7, 1998, and May 5, 1998. Similarly, Plaintiff's second cause of action alleging conspiracy lists the following dates: August 12, 1997, October 28, 1997, February 12, 1998, February 25, 1998, March 5, 1998, March 20, 1998, April 7, 1998 and May 5, 1998.

Based on the above dates which Plaintiff lists in regard to his factual allegations, it appears that Plaintiff knew or had reason to know of the facts that formed the basis for his first and second causes of actions for false arrest, false imprisonment, fraud and conspiracy thereof occurred well over two years ago. At the very latest, Plaintiff's statutory limitations period expired on May 5, 1999. Yet, Plaintiff initially filed the action herein on July 1, 1999, two months after the statutory period of limitations expired. Hence, Plaintiff's entire § 1986 action is barred.[2]

Next, the Court's review of Plaintiff's proposed third amended complaint finds that it. similarly fails to comply with Rules 8(a) and it is equally incomprehensible as Plaintiff's second amended complaint which the Court is dismissing with prejudice herein. Accordingly, the Court finds Plaintiff's proposed third amended complaint fails to comply with the standards of Rule 8(a) and 9(b), and unduly prejudices both the Court and Defendants. Pursuant to Federal Rules of Civil

**2.** In so much as Plaintiff's first cause of action may present a civil rights violation pursuant to 42 U.S. § 1983, the Court finds said action is barred by the one year statute of limitations for the same reasons. *McDougal v. County of Imperial,* 942 F.2d 668, 672 (9th Cir.1991); 42 U.S.C. § 1986; *Donoghue v. County of Orange,* 848 F.2d 926, 929–30 (9th Cir.1987).

Procedure 8(a), 8(e) and 41(b), and Good Cause Appearing, the Court DENIES Plaintiff leave to amend the second amended complaint based on Plaintiff's proposed third amended complaint.

The Clerk of the Court improperly filed Plaintiff's third amended complaint on April 13, 2000. Plaintiff was not granted leave to file said third amended complaint as required by Federal Rule of Civil Procedure 15. Accordingly, the Court STRIKES said pleading, entitled "FOR THE DISCOVERY–DISCLOSURE–AFFIDAVIT" of the Plaintiff is with the Corporation–Case–No: C–99–03211 (M.E.J.) with the adjoining: C99–3211 MEJ sic, C–99–03211–MEJ sic by the Registration–Act: Z 233 392 885, and "FOR THE DAMAGES–RECOVERY–COMPLAINT."
The Clerk of the Court SHALL remove said pleading from the record. Similarly, the Court DENIES Plaintiff leave to file the supplemental pleadings received on April 13, 2000 entitled(1) "REPLEVIN–WRIT–COMPLAINT", and; (2) "SUMMONS OF THE CORPORATION–CASE." The Clerk of the Court SHALL NOT file these pleadings as part of the record.

Finally, pursuant to Federal Rule of Civil Procedure 12(f),[3] the Court strikes Plaintiff's June 8, 2000 supplemental pleadings entitled "FOR THE CLAIM OF THE JUDGMENT OF THE DAMAGES WITH THE FAULT OF THE ANSWER BY THE VASSALEES IS WITH THE CORPORATION OF THE CASE: C–99–03211 (M.E.J.) BY THE ACT OF THE REGISTRATION Z 134 319 169 OF THE JUNE–1, 2000." The Court finds said pleadings impertinent.

### CONCLUSION

Based on the aforementioned analysis, the Court renders the following ORDER:

1. Defendants State of California's Motion to Dismiss is GRANTED;

2. Defendants Monterey's Motion to Dismiss is GRANTED;

3. Plaintiff's second amended complaint is DISMISSED WITH PREJUDICE;

4. Plaintiff is DENIED leave to file a third amended complaint. The Clerk of the Court SHALL STRIKE from the record Plaintiff's April 13, 2000, supplemental pleading entitled "FOR THE DISCOVERY–DISCLOSURE–AFFIDAVIT" of the Plaintiff is with the Corporation–Case–No: C–99–03211 (M.E.J.) with the adjoining: C99–3211 MEJ sic, C–99–03211–MEJ sic by the Registration–Act: Z 233 392 885, and FOR "THE DAMAGES–RECOVERY–COMPLAINT."

5. Plaintiff is DENIED leave to file the supplemental pleadings received on April 13, 2000 entitled(1) "REPLEVIN–WRIT–COMPLAINT", and; (2) "SUMMONS OF THE CORPORATION–CASE." The Clerk of the Court SHALL NOT file these pleadings as part of the record;

6. Pursuant to Federal Rule of Civil Procedure 12(f), the Court strikes Plaintiff's June 8, 2000 supplemental pleadings entitled "FOR THE CLAIM OF THE JUDGMENT OF THE DAMAGES WITH THE FAULT OF THE ANSWER BY THE VASSALEES IS WITH THE CORPORATION OF THE CASE: C–99–03211 (M.E.J.) BY THE ACT OF THE REGISTRATION Z 134 319 169 OF THE JUNE–1, 2000."

The above entitled action is DISMISSED WITH PREJUDICE and each side shall bear their own costs. All proceedings are hereby vacated. Plaintiff shall not file a complaint containing said causes of actions herein in this or any other court without advance permission from the undersigned.

The Clerk of the Court SHALL close the file.

IT IS SO ORDERED.

---

**3.** Federal Rule of Civil Procedure 12(f) provides: [Upon] the Court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f).